06-3741ghmGomezDismSL.wpd

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID GOMEZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3741 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate David Gomez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2003 state court felony conviction. After considering the pleadings and the applicable law, the Court concludes that the petition must be dismissed as time-barred.

**I.   PROCEDURAL HISTORY**

Petitioner reports that he pleaded guilty to aggravated robbery on September 19, 2003 and was sentenced to thirty years confinement in Harris County, Texas. The state court of appeals affirmed the conviction on November 18, 2004. *Gomez v. State*, No. 01-03-00999-CR (Tex. App. – Houston [1st Dist.] 2004, no pet.) (not designated for publication). Petitioner did not seek discretionary review. Petitioner asserts that his application for state habeas relief was filed on August 23, 2005 and denied by the Texas Court of Criminal Appeals on December 21, 2005. Petitioner filed this pending petition for habeas relief on November 21, 2006, challenging his guilty plea under various grounds.

## II. DISCUSSION

### A. The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328(5th Cir. 1999).

In this case, petitioner's conviction became final for purposes of the one-year limitations at the conclusion of direct review or the expiration of the time for seeking such review. As noted above, petitioner's conviction was affirmed on November 18, 2004, and no petition for discretionary review was filed. Accordingly, the AEDPA statute of limitations commenced on December 18, 2004, and expired one year later on or about December 18, 2005. Petitioner's pending federal petition, filed in November of 2006, is time-barred unless an exception applies.

**B.     Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner states that his state habeas application was filed on August 23, 2005, and overruled by the Texas Court of Criminal Appeals on December 12, 2005. Petitioner's state habeas petition was pending for approximately four months. The instant petition, filed in November, 2006, is time-barred.

No grounds are shown for application of 28 U.S.C. §§ 2252(d)(1)(B), (C), (D), or any equitable tolling provisions. Accordingly, there is no statutory or other basis to save petitioner's untimely petition. This pending habeas petition is barred by the AEDPA one-year limitation period and will be dismissed.

### III.   CONCLUSION

The Court finds that petitioner has not made a substantial showing of the denial of a constitutional right.  The issues raised here are not debatable among jurists of reason, could not be resolved in a different manner, and do not deserve encouragement to proceed further. A certificate of appealability is **DENIED**.

Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED** with prejudice.  Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on November 29, 2006.

_____
Gray H. Miller
United States District Judge